UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALAN PREDELLA, DANIEL             *
MCDONNELL, and ALL THOSE          *
SIMILARLY SITUATED,               *
                                  *
        Plaintiffs,               *
   v.                             *   Civil Action No. 17-cv-11150-IT
                                  *
TOWN OF BRAINTREE, BRAINTREE      *
FIREFIGHTERS IAFF, LOCAL 1920,    *
JOSEPH SULLIVAN, JAMES O'BRIEN,   *
THOMAS GRACE, and WILLIAM CASH,   *
                                  *
        Defendants.               *

ORDER
September 14, 2018

TALWANI, D.J.

Defendants Thomas Grace and James O'Brien seek to dismiss Plaintiff Alan Predella's claims that Grace and O'Brien retaliated against Predella in violation of Massachusetts General Laws chapter 151B, § 4(4). Because Predella's allegations are sufficient to state a claim as to O'Brien but not as to Grace, Grace's Motion to Dismiss [#67] is ALLOWED and O'Brien's Motion to Dismiss Plaintiff Predella's Retaliation Claim [#70] is DENIED.

I.   FACTUAL BACKGROUND

The following factual allegations in the Second Amended Complaint [#59] are relevant to the challenged claims:

Defendant Town of Braintree is a municipality that employs Predella, O'Brien, and Grace. Second Am. Compl. ¶¶ 3, 7-8, 10. Predella is the Deputy Chief of the Braintree Fire Department. Id. ¶¶ 10, 19. O'Brien, the Chief of the Braintree Fire Department, is Predella's superior, and Grace, a captain, is Predella's subordinate. Id. ¶¶ 7-8. Defendant Braintree

Firefights, IAFF Local 920 ("Local 920") is certified and recognized as the exclusive representative of Braintree Fire Department employees. Id. ¶ 4. Defendant William Cash is the President of Local 920. Id. ¶ 9.

On June 30, 2016, Predella presented a letter to his human resources director informing her that he intended to file a MCAD complaint against O'Brien and Grace. Id. ¶ 204. The letter also recounted allegedly discriminatory acts by O'Brien from early 2016. Id. ¶ 205. On August 16, 2016, Predella filed his MCAD Complaint alleging age discrimination. Id. ¶ 209. O'Brien and Grace were aware of Predella's letter and the filing of his MCAD complaint. Id. ¶¶ 206, 209.

On October 20, 2016, O'Brien, Grace, and Cash "orchestrated the 'rescission'" of Pradella's membership in Local 920, which was "made effective at a union meeting." Id. ¶ 213. The Town and Local 920, "by their agents, including Defendant O'Brien, Defendant Cash, and Defendant Grace, also agreed to consider Plaintiff Predella ineligible to work outside paid details, established under the collection agreement now in effect, because Defendant Local 920 rescinded his union membership." Id. ¶ 214. They also agreed to consider him ineligible for overtime. Id.

On or about July 12, 2017, while at work, Predella was transported to the hospital after suffering difficulty breathing, an abnormally high heart rate, sweating, and trembling. Id. ¶ 219. After Predella made a timely request for benefits under G.L. c. 41, § 111F, his request was denied by O'Brien. Id. ¶¶ 220-223. O'Brien and other Chiefs have approved similar requests in the past for § 111F benefits. Id. ¶ 222.

II.     STANDARD

A motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) is properly allowed when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007)). For the purposes of this motion, any well-pleaded, non-conclusory factual allegations are assumed true and all reasonable inferences are drawn in the plaintiff's favor. Iqbal, 556 U.S. at 680-81 (stating that conclusory allegations are not entitled to a presumption of truth); Twombly, 550 U.S. at 581. The court will then "determine whether the factual allegations are sufficient to support the reasonable inference that the defendant is liable." Saldivar v. Racine, 818 F.3d 14, 18 (1st Cir. 2016) (quoting Cardigan Mountain Sch. v. N.H. Ins. Co., 787 F.3d 82, 84 (1st Cir. 2015)).

III. DISCUSSION

Under Massachusetts General Laws chapter 151B, § 4(4), no "person, employer, [or] labor organization" may "discharge, expel, or otherwise discriminate against any person because . . . he has filed a complaint" covered by the statute. See also Noviello v. City of Boston, 398 F.3d 76, 88-89 (1st Cir. 2005). To demonstrate retaliation, a plaintiff must establish three prongs: that (i) he undertook protected conduct, (ii) he suffered some materially adverse action, and (iii) that the adverse action was casually linked to the protected activity. Dixon v. Int'l Bhd. of Police Officers, 504 F.3d 73, 81-83 (1st Cir. 2007) (applying retaliation framework to both adverse employment action as well as union retaliation). For the purposes of this motion, neither Grace nor O'Brien dispute that Predella engaged in protected activity when he filed his letter with human resources on June 30, 2016, and his MCAD Complaint on August 16, 2016. See Def. Grace's Mem. Law Supp. Mot. Dismiss ("Grace Mem.") at 3 [#68]; Def. O'Brien's Mem. Law Supp. Mot. Dismiss ("O'Brien Mem.") (addressing only the second prong of the retaliation framework) [#71]. Thus, this court moves directly to the second prong of the retaliation framework.

A. <u>Retaliation Claim as to Thomas Grace</u>

Predella alleges that after he filed his letter with human resources and his complaint with MCAD, Grace: "orchestrat[ed]" with other Defendants "the expulsion of Plaintiff Predella from Local 920," see Second Amended Complaint ¶¶ 213, 342, and "agree[d] to consider Plaintiff Predella ineligible to work outside paid details, established under the collective bargaining agreement now in effect, because Defendant Local 920 rescinded his union membership," <u>id</u>. ¶¶ 214, 343.

Grace argues that these two allegations are conclusory and that Predella has not pled sufficient facts to support his allegations. Although Predella charges that Grace "orchestrat[e]d" his loss of union membership, Predella does not provide any allegations of what Grace purportedly did. Grace Mem. at 4 [#68]. Similarly, although Predella alleges that Grace was allegedly involved in his loss of paid detail and overtime, Predella does not allege facts to support a finding that Grace, as Predella's subordinate, had any involvement in their employer's actions. <u>Id</u>.

In response, Predella cites to passages in his <u>Second Amended Complaint</u> [#59] regarding Grace's alleged animus. Pl.'s Opp. at 13 [#76]. These allegations however, provide no facts as to the allegedly retaliatory acts themselves. Predella does not offer any further, supporting allegations in his complaint that would suggest that Grace in some way "orchestrat[ed]" the union dismissing Predella or "agree[d]" to consider him ineligible for paid detail work. Thus, Predella's two allegations are simply conclusory statements and Predella has failed to allege facts sufficient to support his retaliation claim. See <u>Iqbal</u>, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

B. <u>Retaliation Claim as to James O'Brien</u>

Predella alleges that after he filed his letter with human resources and his complaint with MCAD, O'Brien retaliated by: (1) declaring Predella ineligible for overtime and paid details; and (2) denying his claim for M.G.L. c. 41, § 111F benefits. Second Am. Compl. ¶¶ 222-223. O'Brien argues that he cannot be held responsible for Predella's ineligibility for overtime payments and paid details because the collective bargaining agreement, not O'Brien, controlled whether Predella was eligible, and Predella does not plead that O'Brien had any role in drafting the collective bargaining agreement. O'Brien Mem. at 9 [#71]. O'Brien argues further that Predella has not pled sufficient facts to demonstrate that he was entitled to § 111F benefits; therefore, he cannot argue that the denial of the benefits was an adverse employment action. <u>Id</u>.

Both arguments fail. O'Brien, as the Chief of the Braintree Fire Department, is Predella's superior officer, and had authority over with paid details and overtime. Second Am. Compl. ¶¶ 7, 214. While Predella does not dispute that the collective bargaining agreement controls, he alleges that O'Brien considered him ineligible *despite* the collective bargaining agreement. <u>See</u> <u>id</u>. ¶¶ 214-15. Moreover, he alleges that O'Brien had no legitimate basis to exclude Predella from outside paid details, because, as a matter of law, Predella continued to be covered by the collective bargaining agreement despite being expelled from Local 920. <u>Id</u>. ¶ 215.

O'Brien's arguments regarding the § 111F benefits also miss the mark. O'Brien argues that Predella has not stated sufficient allegations that the cause of his disability was work-related. O'Brien Mem. at 10 [#71]. But Predella's claim against O'Brien is not a claim for § 111F benefits, but a retaliation claim asserting that when Predella sought § 111F benefits, O'Brien denied the request despite approving similar requests previously. <u>Id</u>. ¶¶ 222. Predella alleges further that this denial occurred after O'Brien was aware of his protected activity. <u>Id</u>. ¶¶ 206, 209. While Predella's claim may ultimately fail if O'Brien denied similar claims, or if Predella's

5

claim is not similar to the claims that O'Brien approved, at this stage he has sufficiently plead a retaliation claim under M.G.L. c. 151B, § 4(4).

IV.     CONCLUSION

Accordingly, for the above reasons, Defendant Grace's Motion to Dismiss [#67] is ALLOWED and Defendant O'Brien's Motion to Dismiss Plaintiff Predella's Retaliation Claim [#70] is DENIED.

IT IS SO ORDERED.

Date: September 14, 2018                          /s/ Indira Talwani
                                                  United States District Judge